## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID FORTNEY**, on behalf of himself and those similarly situated, | : : : | |
| Plaintiff, | : : | CASE NO. 2:20-cv-4646 |
| v. | : : | JUDGE |
| **PILOT TRAVEL CENTERS LLC,** c/o CT Corporation System | : : | MAGISTRATE JUDGE |
| 4400 Easton Commons Way Suite 125 Columbus, OH 43219 | : : : | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | : : : | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Plaintiff David Fortney ("Named Plaintiff" or "Fortney"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for his Complaint against Defendant Pilot Travel Centers LLC ( "Defendant Pilot" or "Pilot") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively (as "the Ohio Acts"). Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims (except for his individual claims) are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on

information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.    <u>JURISDICTION AND VENUE</u>

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2.     This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to his claims occurred in the Southern District of Ohio, and Defendant conducted substantial business in the Southern District of Ohio.

## II.    <u>PARTIES</u>

### A. Named Plaintiff

4.     Named Plaintiff is an individual, United States citizen, and resident of Cambridge, Ohio.

5.     Named Plaintiff worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts in the position of maintenance technician beginning in or around July 2017 until his termination on or about June 2020.

6.     During his employment with Defendant, Named Plaintiff was not fully and properly paid in accordance with the minimum requirements of the FLSA for all of his compensable hours worked because Defendant automatically deducted 30 minutes from Named Plaintiff's daily hours worked for a meal break that Named Plaintiff did not take or that was interrupted by having to

perform work duties. This resulted in Named Plaintiff not being fully and properly paid for all of his hours worked in violation of the FLSA and the Ohio Acts. Likewise, Defendant routinely deducted time from other similarly situated employees' daily hours worked for meal breaks that those employees did not take or were interrupted. These similarly situated employees worked 40 or more hours per workweek. This resulted in the similarly situated employees not being paid for all of their hours worked in violation of the FLSA and the Ohio Acts

7.     Named Plaintiff brings this action on behalf of himself and on behalf of those similarly situated and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

        **B. Defendant**

8.     Defendant is a foreign limited liability company that owns and operates a variety of truck stops throughout the State of Ohio and throughout the United States.

9.     Defendant employed Named Plaintiff in 2017 as an hourly, non-exempt maintenance technician, to perform maintenance services at Defendant's location at 61700 Southgate Rd., Cambridge, Ohio 43725.

10.    Defendant was at all times relevant an "employer" of Named Plaintiff and those similarly situated.

11.    Defendant is and has been doing business in this judicial district.

12.    The Ohio Secretary of State records reflect that Pilot can be served at its statutory agent address of CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

13.     At all times relevant, Defendant has been an "employer" as that term is defined by the FLSA and the Ohio Acts.

14.     During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

15.     During relevant times, Defendant has benefitted from the work performed by Named Plaintiff and those similarly situated.

16.     Upon information and belief, Defendant operated/operate and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

17.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

## III.    STATEMENT OF FACTS

18.     As alleged above, Defendant constitutes an employer individually, a joint employer collectively, and/or an enterprise for several reasons. The single enterprise that Defendant and many other entities are often individually or collectively referred to is Pilot Flying J.

19.     Upon information and belief, Defendant owns and operates a variety of entities associated with the operation of its truck stops, during all times relevant.

20.     Named Plaintiff was directly hired in July 2017 by Defendant as an hourly, non-exempt maintenance technician to perform maintenance services.

**Facts Relevant to Unpaid Overtime Compensation**

21.     All maintenance technicians are hourly, non-exempt employees of Defendant.

22.     During Plaintiff's employment with Defendant, he was employed as a maintenance technician and was primarily responsible for conducting maintenance, repairs, and other requests from Defendant.

23.     During his employment with Defendant, Named Plaintiff and other similarly situated maintenance technicians were not fully and properly paid for all of their compensable hours worked because Defendant automatically deducted 30 minutes from their daily hours worked for a meal break that they were unable to take or that was interrupted by having to perform work duties. The application of the automatic meal deduction despite maintenance technicians not receiving a bona fide meal period resulted in unpaid overtime wages.

24.     For example, Defendant regularly directed Named Plaintiff to perform job duties even though he tried to take a meal break.

25.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

26.     During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

27.     For the three years preceding this filing, Defendant applied the same pay practices and policies to all hourly, non-exempt maintenance technicians, including Named Plaintiff.

28.     Named Plaintiff and other similarly situated maintenance technicians have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policy and practice of automatically deducting meal breaks regardless of whether employees take an uninterrupted meal period.

29.     Defendant knew or should have been aware that Named Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid overtime, but it willfully elected not to fully compensate its employees during all times relevant.

## Facts Relevant to Workers Compensation Retaliation

30.     In or around November of 2018, Named Plaintiff injured his leg while working for Defendant.

31.     As a result of the injury, Named Plaintiff filed a workers' compensation claim with the Ohio Bureau of Workers' Compensation ("BWC"), and Named Plaintiff's workers' compensation claim was approved.

32.     Named Plaintiff had surgery to repair his injured leg in or about December of 2019.

33.     Due to the surgery and post-operation physical therapy, Named Plaintiff's BWC caseworker authorized Named Plaintiff to be off work until December 30, 2019.

34.     As a result of post-operation complications and continued injury, Named Plaintiff's return to work date was extended multiple times.

35.     It was ultimately determined by Named Plaintiff's treating physician that another surgery was needed to repair Named Plaintiff's injured leg, which was scheduled for March 13, 2020.

36.     At that time, it was medically advised that Named Plaintiff remain off work for an additional 6-8 weeks after the surgery.

37.     The surgery was performed on Named Plaintiff as scheduled, and Named Plaintiff continued with post-operation physical therapy.

38.     Named Plaintiff's treating physician extended Named Plaintiff's time off work until May 26, 2020 and concluded stated that Named Plaintiff could return to work without restrictions that day.

39.     Named Plaintiff provided his return to work documentation to Defendant in May of 2020, and informed Defendant that he was medically cleared to return to work.

40.      Defendant informed Named Plaintiff that his position was no longer available and that they did not have any positions open for him.

41.     However, upon information and belief, at the time when Defendant represented that there were no open positions, Defendant was actively requesting applications for Named Plaintiff's maintenance position at its Cambridge location where Plaintiff was employed.

42.     Named Plaintiff viewed Defendant's job openings listed on Defendant's website days after he was told there was no position open for him, and his previous position of Maintenance/Housekeeping at Defendant's Cambridge location was listed as an open position for which Defendant was accepting applications.

## IV.    COLLECTIVE ACTION ALLEGATIONS

### A.  216(b) Collective Action for Unpaid Overtime Wages.

43.     Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in class, consisting of:

> All current and former hourly, non-exempt maintenance technicians of Defendant, who were subject to the 30-minute meal break deduction and worked at least 40 hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "FLSA Collective Class" or the "FLSA Collective Members").

44. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

45. Named Plaintiff and putative FLSA Collective Members were all subject to the same policies or practices described above which resulted in unpaid overtime.

46. The identity of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

47. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial profits at the expense of the Named Plaintiff and FLSA Collective Members.

**B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

48. Named Plaintiff brings his Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of himself and all other similarly situated of the following class, consisting of:

> All current and former hourly, non-exempt maintenance technicians of Defendant, who were subject to the 30-minute meal break deduction and worked at least 40 hours in any workweek beginning two years preceding

the filing date of this Complaint and continuing through the date of final disposition of this case (the "Ohio Rule 23 Class", the "Rule 23 Class", or the "Ohio Rule 23 Class Members").

49.     During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked more than forty (40) hours per workweek, but were not correctly compensated at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of 40 because of Defendant's policies and practices described herein.

50.     The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

51.     Named Plaintiff is a member of the Ohio Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

52.     Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

53.     Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

54.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

55.     Questions of law and fact are common to the Ohio Rule 23 Class.

56.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their hourly, non-exempt employees.

57.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant jointly acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making

appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

58.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

59.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty hours per week because of the applied meal breaks; (b) whether Defendant kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (e) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

60.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate

their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### V.   CAUSES OF ACTION

### COUNT I
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

61.     All of the preceding paragraphs are realleged as if fully rewritten herein.

62.     This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the FLSA Collective Members.

63.     During the relevant time period preceding this Complaint, Defendant employed the Named Plaintiff and the FLSA Collective Members.

64.     Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

65.     Named Plaintiff and the FLSA Collective Members worked in excess of 40 hours in numerous workweeks during their employment.

66.     The FLSA requires that covered employees be compensated for every hour worked in a workweek.  *See* 29 U.S.C. § 206(b).

67.     The FLSA requires that non-exempt employees receive overtime compensation of one and one-half times their regular rate of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

68.     Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime compensation.

69.     Named Plaintiff and the FLSA Collective Members worked in excess of forty hours per week during all times relevant.

70.     Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by, *inter alia*, failing to pay overtime for all hours worked over forty (40) hours in a workweek because of Defendant's companywide policy deducting 30 minutes from its hourly non-exempt employees' daily hours worked for meal breaks that were not taken or meal breaks that were interrupted by work duties.

71.     Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

72.     The exact total amount of overtime compensation that Defendant failed to pay the Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in Defendant's possession.

73.     As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the FLSA Collective Members.

## COUNT II
## R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME

74.     All of the preceding paragraphs are realleged as if fully rewritten herein.

75.     This claim is brought under Ohio law, which incorporates the FLSA without limitation.

76.     The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant and Defendant is an employer covered by the overtime requirements under Ohio law.

77.     Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40)

in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

78. The Named Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages for all of such time spent working.

79. Defendant's companywide policy or practice of deducting 30 minutes from its hourly non-exempt employees' daily hours worked for meal breaks that were not taken or meal breaks that were interrupted by work duties impermissibly reduced Named Plaintiff's and Rule 23 Class Members' compensable hours worked and resulted in unpaid overtime.

80. Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of Ohio law.

81. Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendant acted willfully.

82. For Defendant's violations of R.C. §4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages; the Named Plaintiff and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
## R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT

83. All of the preceding paragraphs are realleged as if fully rewritten herein.

84. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant.

85. During relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

86. The OPPA requires Defendant to promptly pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including overtime. *See* O.R.C. § 4113.15(A).

87. During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one and one-half times their regular rate of pay as described herein within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

88. The Named Plaintiff and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

89. The Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

90. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

### <u>COUNT IV</u>
### RULE 23 CLASS ACTION FOR DAMAGES PURSUANT TO O.R.C. 2307.60

91. All of the preceding paragraphs are realleged as if fully rewritten herein.

92. The FLSA, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

93. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and the Named Plaintiff and the Ohio Rule 23 Class have been injured as a result

94.     O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

95.     MVAH Partners and/or MVAH Management discharged Plaintiff in violation of O.R.C. § 4123.90. Plaintiff was treated less favorably than similarly situated employees who had not filed, instituted, or pursued a workers' compensation claim.

96.     As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the Ohio Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## <u>COUNT V</u>
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

97.     All of the preceding paragraphs are realleged as if fully rewritten herein.

98.     The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. See O.R.C. § 4111.08. See also, 29 C.F.R. §§ 516.2 et seq.

99.     During times material to this complaint, Defendant was a covered employer, and was required to comply with the Ohio Wage Act's mandates.

100.    Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

101.    During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

102.    In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## <u>COUNT VI</u>
## (R.C. § 4123.90 – WORKERS' COMPENSATION RETALIATION IN VIOLATION OF OHIO LAW)

103.    All of the preceding paragraphs are realleged as if fully rewritten herein.

104.    Named Plaintiff was injured and/or suffered an occupational injury on or about November 28, 2019 when he was digging a ditch at work, slipped, and twisted his knee.

105.    As the result of the workplace incident, Named Plaintiff sought medical treatment and initiated a workers' compensation claim.

106.    When Named Plaintiff was medically cleared to return to work, Defendant failed to place Named Plaintiff in his prior position despite this position being open and available.

107.    Defendant unlawfully terminated Named Plaintiff's employment in retaliation for filing a claim for workers' compensation benefits, receiving workers' compensation benefits, and taking medical leave.

108.    Defendant discharged Named Plaintiff in violation of O.R.C. § 4123.90.

109.    This conduct arising out of Named Plaintiff's workers' compensation claim is retaliation in violation of O.R.C. § 4123.90 because Defendant discharged Named Plaintiff for exercising his rights by filing a claim and/or instituting, and/or pursuing a claim under the workers' compensation act. Moreover, Defendant's failure to return Named Plaintiff to an open position violated O.R.C. § 4123.90.

110.    Within the ninety (90) days following Named Plaintiff's discharge, Defendant received written notice that Named Plaintiff's termination and/or failure to return him to work despite the position being open was/were in violation of O.R.C. § 4123.90.

111.    As a result of Defendant's violation of O.R.C. § 4123.90, Named Plaintiff is entitled to all relief afforded under O.R.C. § 4123.90, including but not limited to reinstatement with back pay, and/or lost wages, and reasonable attorney's fees and costs.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, as to counts I through V, Named Plaintiff and other members of the FLSA Collective pray for an Order against Defendant as follows:

A.    Certifying the proposed FLSA collective action;

B.    Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.    A declaratory judgment that Defendant's payroll policy or practice of not properly calculating the overtime rate during workweeks its employees received Additional Remuneration for Named Plaintiff and the FLSA Collective as described herein violates the FLSA;

D.    Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

E.    Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

F.    Directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

G.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H.      Judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

I.      Such other and further relief as to this Court may deem necessary, just or proper.

J.      Awarding to the Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law;

K.      Awarding Named Plaintiff and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

L.      Awarding Named Plaintiff, the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

M.      Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period;

N.      Awarding Named Plaintiff and the Rule 23 Class Members compensatory and punitive damages under O.R.C. § 2307.60;

O.      Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the Ohio Acts;

P.      Awarding Named Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class back pay and benefits, reinstatement, front pay and benefits, pre-judgment interest, post-judgment

interest, costs, attorneys' fees and any and all other relief, which the Court deems just and appropriate.

**WHEREFORE**, as to count VI, Named Plaintiff prays for an Order against Defendant as follows:

Q. That Defendant be enjoined from further unlawful conduct as described in this Complaint;

R. That Named Plaintiff be reinstated to his employment;

S. That Named Plaintiff be awarded all lost pay and benefits;

T. That Named Plaintiff be awarded compensatory damages, punitive damages, liquidated damages, and pre-judgment interest;

U. That Named Plaintiff be awarded reasonable attorneys' fees; and

V. That Named Plaintiff be awarded all other legal and equitable relief to which they may be entitled.

> Respectfully submitted,
>
> **COFFMAN LEGAL, LLC**
>
> */s/ Matthew J.P. Coffman*
> Matthew J.P. Coffman (0085586)
> Adam C. Gedling (0085256)
> 1550 Old Henderson Road, Suite 126
> Columbus, Ohio 43220
> Phone: 614-949-1181
> Fax: 614-386-9964
> Email: mcoffman@mcoffmanlegal.com
>
> *Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman