UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID FORTNEY, | ) Case No. 2:20-cv-04646 |
| Plaintiff, | ) |
| v. | ) Judge James L. Graham |
| | ) Magistrate Judge Elizabeth Preston Deavers |
| PILOT TRAVEL CENTERS, LLC, | ) |
| Defendant. | ) **JOINT MOTION FOR APPROVAL OF SETTLEMENT** |

Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), Plaintiff David Fortney and Defendant Pilot Travel Centers LLC respectfully and jointly move the Court to approve the proposed settlement memorialized in the Confidential Agreement of Settlement and Release ("Settlement Agreement") marked as Exhibit 1. The settlement resolves all alleged class and collective claims of Plaintiff including those under the FLSA, applicable state statutes, and the common law (Counts I-V).  The parties have agreed to settle separately Plaintiff's individual workers compensation retaliation claim (Count VI).

The parties submit that the settlement is fair, reasonable, and adequate and qualifies for approval under the FLSA, 29 U.S.C. § 216(b).  Agreement was finally reached after several months of settlement negotiations, analysis, and research.  If approved by the Court, the settlement will provide settlement payments to Plaintiff of 100% of his alleged unpaid overtime compensation and liquidated damages.

The following settlement documents are submitted for the Court's consideration and approval:

Exhibit 1: Confidential Agreement of Settlement and Release

  Exhibit 2:  Declaration of Plaintiff David Fortney

  Exhibit 3:  Proposed Final Order Approving Settlement

The sections below explain the litigation, the negotiations, the Settlement terms, the proposed payments and distributions, and the propriety of approval.

## I. THE ACTION

### A. The Claims and Issues

On September 4, 2020, Plaintiff David Fortney commenced this Action. Fortney's Complaint alleged that Defendant violated the Fair Labor Standards Act ("FLSA"), and related Ohio state statutes, by automatically deducting thirty (30) minute lunch breaks from his compensation and violating certain wage recordkeeping practices. Plaintiff also asserted an individual claim for workers' compensation retaliation, which the parties have agreed to resolve separately.

The Parties agree that bona fide disputes exist regarding all of Plaintiff's claims including, but not limited to, whether Plaintiff is entitled to and/or owed unpaid regular or overtime compensation, and whether Plaintiff was terminated in retaliation for filing a workers' compensation claim.

### B. Exchange of Evidence and Analyses, and Initial Attempts at Resolution

Defendant provided Plaintiff's wage records in accordance with Ohio law. Plaintiff's counsel analyzed the wage records and performed a damages analysis. Defendant performed its own analysis of the time and pay records, and the parties attempted to engage in negotiations for the settlement of this action.

### C. Settlement Negotiations

On January 15, 2021, Plaintiff made a written settlement demand. After further discussions and negotiations, Defendant made a written counter-offer on or about March 24, 2021. Plaintiff

made his counter-demand on March 26, 2021, and Defendant thereafter accepted Plaintiff's demand. The parties initially agreed to, and intended to pursue mediation. However, after negotiating and reviewing the records, the parties agreed to a resolution more fully described in Exhibit 1 and resolved this matter without the need for formal mediation.

### D. The Proposed Settlement

The proposed settlement provides settlement payment to Plaintiff David Fortney that represents a very substantial percentage of his claimed damages. By Plaintiff's counsel's analysis, the settlement will provide Plaintiff compensation for, at a minimum, all of his alleged unpaid overtime hours and liquidated damages.

Plaintiff's counsel has thoroughly investigated the facts, including detailed analyses of the documents and data assembled and exchanged by the Parties. Plaintiff's counsel believes the Settlement is fair, adequate, and reasonable and is in the best interest of Plaintiff in light of all known facts and circumstances, including the risk of significant delay and Defendant's defenses.

The proposed Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendant that the Plaintiff's claims have merit or that Defendant has any liability to Plaintiff on those claims.

Wherefore, subject to approval by the Court, the Parties have reached a binding agreement to settle the Action upon the terms and conditions set forth herein.

## II. THE PROPRIETY OF APPROVAL

The proposed Settlement is subject to approval by the Court pursuant to the FLSA, 29 U.S.C. § 216(b). Court approval is warranted on all scores.

### A. The Seven-Factor Standard Is Satisfied

The Court must ensure "there is a bona fide dispute between the parties as to the employer's liability under the FLSA" and the proposed settlement "is fair, reasonable, and adequate." *Kritzer*

*v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D. Ohio May 30, 2012). *Accord, In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 381-82 (S.D. Ohio 2006); *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

In *Kritzer*, the court used seven factors to evaluate whether the proposed settlement was "fair, reasonable, and adequate" for purposes of the FLSA, 29 U.S.C. 216(b). *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *19-20. *See also Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (applying an alternative formulation of the seven-factors) (citing *UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992)); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)).

The first factor—the likelihood of success on the merits balanced against the amount and form of the settlement—strongly supports approval. Litigating FLSA claims is always risky and uncertain, and Plaintiff would have to establish not only Defendant's liability, which Defendant vehemently denies, but also his own damages. Both were hotly disputed in this case. The proposed Settlement will eliminate the risk and delay of litigation and make substantial payments available to Plaintiff. Plaintiff agrees that the settlement payments to him reflect the full value of his individual unpaid overtime damages plus liquidated damages.

The other six factors are satisfied as well. Given the factual and legal complexity of the issues in this case, there is no guarantee that Plaintiff will prevail at trial and the litigation could be long and protracted. In contrast, the settlement assures that the Plaintiff will receive significant compensation. Given the uncertainties surrounding a possible trial in this matter, the certainty and

finality of a settlement will substantially benefit the Plaintiff, and is in the public interest. *See Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *24 (the public interest is served when a settlement "ends potentially long and protracted litigation").

### B. Plaintiff's Counsel's Fees and Expenses Are Proper and Reasonable

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and the costs of the action." 29 U.S.C. § 216(b). The FLSA's mandatory fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)). *Accord Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *28 (the fee award must be "adequate to attract competent counsel but ... not produce a windfall) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). Courts have discretion to select the appropriate method of determining such fees "in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993).

The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."); *see also* O.R.C. § 4111.10(A) (liability includes paying "costs and reasonable attorney's fees as may be allowed by the court"). Indeed, "[a]n award of attorneys' fees under the FLSA is **mandatory**, with the amount of fees within the discretion of

the court." *Cruz v. Vel-A-Da, Inc*. Case No. 3:90CV7087, 1993 WL 659253, *3 (N.D. Ohio May 14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)).

The federal courts have long recognized the profound importance of plaintiff's right to recover attorneys' fees under the FLSA. *See, e.g., Shelton v. Ervin,* 830 F.2d 182, 184 (11th Cir. 1987) (FLSA's fee recovery provision, 29 U.S.C. § 216(b), is not collateral to the merits of an FLSA lawsuit but, rather, is an "integral part of the merits of FLSA cases and part of the relief sought therein."). There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g., Fegley v. Higgins,* 19 F.3d 1126, 1134-43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights"). Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g., Funk v. Airstream, Inc.*, No. 3:17-cv-260, 2019 WL 4599816 at *5-7 (S.D. Ohio Sept. 23, 2019) (Rice, J.) (rejecting an employer's argument that fees must be proportional to recovery and awarding $164,927.50 in attorney fees where $22,338 was recovered); *Holland v. New Method Packaging, LLC, et al*, No. 3:16-cv-00309-TMR-MJN, Doc. #23 (S.D. Ohio 2017) (Rose, J.) (in a case alleging violations of the FLSA, the Court approved settlement payment of $13,395.97 to the named plaintiff and $19,000 for attorneys' fees and costs);

*Pellegrini v. Tower 10, LLC, et al*, No. 2:16-cv-00293-JLG-TPK, Doc. #31 and 32 (S.D. Ohio 2017) (Graham, J.) (in a FLSA case, the Court approved settlement of $2,000 to the named plaintiff and $11,500 for attorneys' fees and costs); *Jasper, et al v. Home Health Connection, Inc.*, No. 2:16-cv-00125-EAS-EPD (S.D. Ohio 2016) (Sargus, J.) (in a FLSA case, the Court approved $35,000 to named plaintiffs and class and $63,000 for attorneys' fees and costs).[1]

As set forth above, Defendant has agreed after lengthy negotiations to pay a reasonable amount to Plaintiff's counsel for their fees and costs as provided in the Settlement Agreement submitted to the Court. The Parties agree that the amount of the attorney's fees and costs to be paid to Plaintiff's counsel is reasonable.[2] Defendant's payment of attorney fees and costs is in addition to, as opposed to a percentage of, Plaintiff's settlement award. Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Plaintiff's counsel is proper and reasonable and fulfills the purpose and intent of the FLSA's fees provision.

Against that background, the settlement ultimately achieved in this case is a significant success. Even after attorneys' fees, the proposed settlement payment to Plaintiff provides all of his alleged unpaid overtime pay, and his recoverable liquidated damages.

---

[1] *Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, Doc. 819 (N.D. Ala. Feb. 17, 2009) (in an FLSA case in which three individual donning and doffing claims were tried, the plaintiffs collectively recovered $4,937.20 in wages but were awarded $765,618.10 in attorneys' fees based the attorney's lodestar hourly rates); *Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 228-29 (7th Cir. 1972); *Perdomo v. Sears, Rosebuck & Co.*, Case No. 97-2822-CIV-T-17A, 1999 WL 1427752, *10 (M.D. Fla. Dec. 3, 1999); *Wales v. Jack M. Berry, Inc.*, 192 F.Supp.2d 1313, 1327 (M.D. Fla. 2001); *Heder v. City of Two Rivers*, 255 F.Supp.2d 947, 955 (E.D. Wis. 2003); *Perrin v. John B. Webb & Assocs.*, Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time"). *See also Howe v. Hoffman-Curtis Partners Ltd.* 215 Fed. Appx. 341, 342 (5th Cir. Jan. 30, 2007) ("Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."); *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *King v. My Online Neighborhood, Inc.*, 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (approving a settlement for $4,500 in unpaid wages and $10,500 in attorney's fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00); *Griffin v. Leaseway Deliveries, Inc.*, 1992 U.S. Dist. LEXIS 20203 (E.D. Pa. Dec. 31, 1992) (awarding attorney's fees of $33,631.00 for a plaintiff's award of $17,467.20); *Holyfield v. F.P. Quinn & Co.*, 1991 U.S. Dist. LEXIS 5293, *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney's fees for a judgment in the amount of $921.50).

[2] *See* **Exhibit 2** – Declaration of David Fortney.

### III. CONCLUSION

For the reasons addressed above, the parties respectfully request that the Court approve the settlement by entering the proposed order attached as Exhibit 3.

Respectfully submitted,

| | |
|---|---|
| */s/ Adam C. Gedling* (Per Email Consent)<br>Matthew J.P. Coffman (0085586)<br>Adam C. Gedling (0085256)<br>Coffman Legal, LLC<br>1550 Old Henderson Road, Suite 126<br>Columbus, OH  43220<br>614-949-1181<br>614-386-9964 (FAX)<br>Email: mcoffman@mcoffmanlegal.com<br>       agedling@mcoffmanlegal.com<br><br>***Attorneys for Plaintiff David Fortney*** | */s/ Ellen Toth*<br>Ellen Toth (0056176)<br>Rebecca J. Bennett (0069566)<br>Samuel H. Ottinger (0099034)<br>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>Key Tower<br>127 Public Square, Suite 4100<br>Cleveland, OH  44114<br>216-241-6100<br>216-357-4733 (FAX)<br>Email:   ellen.toth@ogletree.com<br>           rebecca.bennett@ogletree.com<br>           samuel.ottinger@ogletree.com<br><br>***Attorneys for Defendant*** |

**PROOF OF SERVICE**

      I certify that on June 3, 2021, a copy of the foregoing was filed electronically, under seal.

A copy of the filing with all exhibits was also served upon the following counsel of record:

Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Coffman Legal, LLC
1550 Old Henderson Road, Suite 126
Columbus, OH 43220
614-949-1181
614-386-9964 (FAX)
Email: mcoffman@mcoffmanlegal.com
         agedling@mcoffmanlegal.com

                                              /s/ Ellen Toth
                                              *Attorneys for Defendants*

47198312.1